**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MARCO BERROCAL d/b/a BOURNE CO.,

        Plaintiff,

v.                                              Case No. 22-cv-10825

REFLOOR, LLC, JK SQUARED, LLC, and
BRIAN ELIAS,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNT FOUR OF DEFENDANTS REFLOOR LLC AND BRIAN ELIAS' AMENDED COUNTERCOMPLAINT

Pending before the court is Plaintiff Marco Berrocal, d/b/a Bourne Co.'s motion to dismiss Count IV of Defendants Refloor LLC and Brian Elias' Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 23.) The motion has been fully briefed. The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will grant Plaintiff's motion, and dismiss Count IV of the Amended Counterclaim.

## I.  BACKGROUND[1]

Plaintiff asserts that Defendants' "wildly successful" multi-media marketing campaign used a song that infringed Plaintiff's copyright to the music composition "Heigh-Ho" from the film "Snow White and the Seven Dwarfs." (ECF No. 21, PageID.161.) Even though disputing Plaintiff's contention, Defendants created a different song for its advertising materials. (*Id.*, PageID.162.) Plaintiff nonetheless

---

[1]     Facts are taken from Plaintiff's Amended Countercomplaint (ECF No. 21).

maintained that the use of that song and the phrase "Refloor Refloor" would still be copyright infringement. (*Id.*, PageID.162-63.) Defendants claim that Plaintiff, by taking the position that Defendants may not use either of its songs or the words "Refloor, Refloor", tortiously interferes with their business expectancies with Facebook followers. (*Id,* PageID.164.)

## II.  STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss a counterclaim for failure to state a claim upon which relief can be granted. *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* 697 F.3d 387, 401 (6th Cir. 2012). "To survive a motion to dismiss" under Rule 12(b)(6), a counterclaim "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotation omitted). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "[a] claim has facial plausibility when the [counter-]plaintiff pleads factual content that allows the court to draw the reasonable inference that the [counter-]defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In applying this standard, the court views the Amended Counterclaim in the light most favorable to Defendants. *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

## III. DISCUSSION

The parties agree that Michigan law governs Defendants' tortious interference with business expectancies claim. Its elements are:

> (1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an

intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted.

*Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.,* 268 Mich. App. 83, 90, (2005). The court finds that the Amended Counterclaim fails to sufficiently allege the third element.

"'[I]ntentional' interference means that the defendant's purpose or desire is to cause an interference with a contract or business relationship." *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.,* 898 F.3d 710, 716 (6th Cir. 2018) (citing *Knight Enters. V. RPF Oil Co.*, 299 Mich. App. 275 (2013)). However, intentional interference must be "more than just purposeful or knowing behavior on the part of the defendant." *Id.* at 715 (citations omitted). "Instead, 'the interference with a business relationship must be improper in addition to being intentional.'" *Id.*

"[I]mproper" interference means conduct that is either (1) wrongful *per se*; or (2) lawful, but done with malice and unjustified in law. A 'per se wrongful act' is an act that is inherently wrongful or one that is never justified under any circumstances. . . "On the other hand, 'if the defendant's conduct was not wrongful per se, the [complainant] must demonstrate specific, affirmative acts that corroborate the unlawful purpose of the interference.'"

*Id.* at 716-17 (citations omitted); *see also Michigan Podiatric Med. Ass'n v. Nat'l Foot Care Program, Inc.,* 175 Mich. App. 723, 736 (1989) (citing *Feldman v. Green*, 138 Mich. App. 360, 378 (1984)) ("[O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another.").

As Defendants do not assert the doing of an act wrongful per se, "to withstand dismissal, the [c]ourt must evaluate whether [Defendants'] pleading for relief alleges, 'with the requisite level of specificity, affirmative acts by [Plaintiff] that corroborate the improper motive of the interference.'" *Mourad v. Marathon Petroleum Co. LP*, 129 F. Supp. 3d 517, 523-24 (E.D. Mich. 2015), *aff'd*, 654 F. App'x 792 (6th Cir. 2016) (Duggan, J.) (alterations in original omitted) (citing *Dalley v. Dykema Gossett*, 287 Mich. App. 296, 324 (2010); *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n,* 623 F.3d 281, 287 (6th Cir. 2010)); *Saab Auto. AB v. Gen. Motors Co.,* 953 F. Supp. 2d 782, 792 (E.D. Mich. 2013), *aff'd,* 770 F.3d 436 (6th Cir. 2014) (dismissing tortious interference with economic expectancy claim because plaintiffs failed to "allege 'specific, affirmative acts' to corroborate that [defendant] had an improper motive"); *Hope Network Rehab. Servs. v. Michigan Catastrophic Claims Ass'n*, -- N.W.2d --, 2022 WL 2080880, at *4 (Mich. Ct. App. June 9, 2022) ("Hope was required to allege in its complaint specific and affirmative acts that the MCCA intentionally committed in order to interfere with Hope's business relations or expectancy.").

"Where the [alleged interferer's] actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." *Saab Auto. AB v. Gen. Motors Co.*, 770 F.3d 436, 442 (6th Cir. 2014) (citations omitted). "Enforcing one's legal and contractual rights is a legitimate business reason." *Cont'l Title Agency, LLC v. Fifth Third Bancorp*, No. 2:15-CV-11595, 2016 WL 8243178, at *6 (E.D. Mich. Jan. 11, 2016) (Battani, J.); *see Perkins v. Trek Bicycle Corp.,* No. 1:21-CV-179, 2021 WL 5925909, at *1 (W.D. Mich. Oct. 5, 2021), *report and recommendation adopted*, No. 1:21-CV-179, 2022 WL 472955 (W.D. Mich. Feb. 16, 2022) ("Protecting the value of

one's trademark is certainly a legitimate act."). Consequently, courts have held that

sending communications to assert or prevent infringement of intellectual property rights

did not form the basis of a tortious interference claim. *Tang v. Putruss*, No. 06-12624,

2007 WL 2909527, at *2-3 (E.D. Mich. Oct. 5, 2007) (Cox, J.) (dismissing tortious

interference with a business relationship claim because defendants' allegation did not

indicate that plaintiff was motivated by anything other than a legitimate business reason

when he contacted third parties to advising them of defendants' breach of contract and

copyright infringement); *Lown Companies, LLC v. Piggy Paint, LLC*, No. 1:11-CV-911,

2012 WL 3277188, at *4 (W.D. Mich. Aug. 9, 2012) (observing that "several courts have

held that contacting a third party over legitimate business concerns such as a breach of

contract or copyright infringement cannot form the basis of a tortious interference claim"

and dismissing the tortious interference claim because the counterclaim had not alleged

that the counter-defendant contacted Facebook out of malice rather than a desire to

protect its own trademark); *Perkins*, 2021 WL 5925909, at *1 (holding that plaintiff failed

to allege intentional interference because he "fail[ed] to allege any fact showing that

[defendant's] assertion of its trademark rights – a lawful act – was done with malice").

      Here, Defendants' Amended Counterclaim did not allege any "specific,

affirmative acts that corroborate the unlawful purpose of the interference." *Mourad,* 129

F. Supp. 3d at 523. Defendants make numerous allegations elaborating on why

Plaintiff's copyright claim lacks merit, but "there is nothing illegal, unethical, or fraudulent

by filing a lawsuit [or asserting a legal right], whether meritless or not." *Bullet Expediting,*

*LLC v. Russell*, No. 349655, 2020 WL 4723299, at *2 (Mich. Ct. App. Aug. 13, 2020)

(citing *Early Detection Ctr., P.C. v. New York Life Ins. Co.*, 157 Mich. App. 618, 631

(1986)). The court can only infer from the Amended Counterclaim that Plaintiff was motivated by the legitimate business interest of protecting his intellectual property in claiming that the use of the songs and the phrase "Refloor, refloor" would infringe his copyright. Compare *Innovation Ventures, L.L.C. v. Aspen Fitness Prod., Inc.,* No. CV 11-13537, 2012 WL 12930412, at *2 (E.D. Mich. Sept. 30, 2012) (holding that counter-plaintiffs sufficiently alleged malice with specific allegations of learning counter-defendant's strategy to sue its competitors to drive them out of the market and that counter-defendant precipitated the rejection of counter-plaintiff's products by fraudulently informing distributors and retailers that counter-plaintiffs had acted illegally); *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 243 (6th Cir. 2020) (holding that software licensee sufficiently alleged tortious interference with facts that developer was aware of the agreement permitting licensee to operate but improperly omitted that in its criminal complaint alleging copyright infringement).

Additionally, the Amended Counterclaim does not plausibly allege that Plaintiff's copyright assertions were "undertaken for the purpose of interfering with [Defendants'] business relationships or expectancies." *Mourad v. Marathon Petroleum Co. LP,* 654 F. App'x 792, 799 (6th Cir. 2016). In *Mourad*, the appellants alleged that the appellee had wrongfully carried out a residential buyout program for the improper purpose of preempting future environmental lawsuits and enable business expansion. *Id.* But, "such pleadings are of no import to [the] [a]ppelee's tortious interference with a business relationship or expectancy claim, as they are 'untethered from an intent to interfere with [the] [a]ppellants' businesses." *Id.* (alteration in original omitted). Accordingly, the "[a]ppellants have failed to plausibly allege that [the appellee] engaged in 'a lawful act

with malice and unjustified in law *for the purpose of* invading the contractual rights or business relationship[s] of another.'" *Id.* (citing *Feldman*, 138 Mich. App.at 378) (emphasis in original).

Here, like in *Mourad*, the intended purpose of Plaintiff's allegedly wrongful actions is clearly pled. Specifically, the Amended Counterclaim alleges that "[Plaintiff's] post-lawsuit demands were made for the improper purpose of trying to extract a settlement with the threat of causing disruption to Refloor LLC's business and harm to its business expectancies." (ECF No. 21, PageID.183.) Thus, it is apparent on the face of the Amended Counterclaim that Plaintiff undertook the alleged interfering acts to extract money from Defendants, not to interfere with their business expectancies.

In short, the Amended Counterclaim does not sufficiently allege an intentional interference by Plaintiff to induce or cause a breach or termination of Defendants' relationship or expectancy. The court will thus dismiss Count IV. [2]

In their Response, Defendants request an opportunity to amend their pleading should the court dismiss the tortious interference claim. (ECF No. 25, PageID.266.) The court is inclined to agree with Plaintiff that, having already taken two bites of the apple, it is dubious what further non-futile amendment Defendants can make. In any case, "[a] 'bare request' for amendment in an opposition to a motion to dismiss does not constitute a motion to amend." *Justice v. Petersen*, No. 21-5848, 2022 WL 2188451, at *3 (6th Cir. June 17, 2022). As the Sixth Circuit has recently explained:

> Although the Federal Rules of Civil Procedure provide that a court should grant a plaintiff leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), "the right to amend is not absolute or automatic," *Tucker*, 539 F.3d at 551. Where a plaintiff fails to file a motion to amend or a proposed

---

[2]        The court finds it unnecessary to consider Plaintiff's remaining arguments.

amendment indicating how the plaintiff would amend the complaint, a district court does not abuse its discretion by denying the plaintiff leave to amend. *See, e.g.*, *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019); *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017); *Tucker*, 539 F.3d at 551–52; *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) (concluding that, because no motion for leave to amend was filed and no proposed amendment was submitted, the plaintiffs "failed to exercise the due diligence required to take advantage of Rule 15(a)'s dictate that leave to amend shall be freely granted" (internal quotation marks omitted)). We have explained that "[w]ithout viewing [a] proposed amendment, it [is] impossible for the district court to determine whether leave to amend should have been granted." *Spadafore*, 330 F.3d at 853. And, district courts are not "'required to engage in a guessing game' as to what [the plaintiff] might plead to save her claim." *Tucker*, 539 F.3d at 552 (quoting *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002)).

*Id.* at *3. Accordingly, without a formal motion to amend in compliance with the Federal Rules of Civil Procedure and applicable local rules, the court needs not entertain Defendants' pro forma request to amend.

## CONCLUSION

For the reasons explained above, the court finds that Count IV of Defendants' Amended Counterclaim should be dismissed. Accordingly,

IT IS ORDERED that "Marco Berrocal's Motion to Dismiss Count Four of Refloor LLC's and Brian Ellias' Amended Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6)" (ECF No. 23) is GRANTED, and Count IV of the Amended Counterclaim (ECF No. 21) is DISMISSED.

s/Robert H. Cleland_____/
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 13, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 13, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-10825.BERROCAL.MotiontoDismiss.NH.docx